UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Walter Gruda

    v.                                        Civil No. 11-cv-053-JD
                                                Opinion No. 2011 DNH 076

Fred H. Hamblet, Inc.,
a/k/a F.H. Hamblet, Inc.

O R D E R

Walter Gruda brings a claim under the Fair Labor Standards Act and a claim under New Hampshire law, Revised Statutes Annotated ("RSA") § 275:43, seeking payment from his employer, Fred H. Hamblet, Inc., for time he spent traveling and preparing vehicles for work. Hamblet moves to dismiss the RSA 275:43 claim, and Gruda objects.

Standard of Review

When a defendant moves to dismiss a plaintiff's claim or claims under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." Decotiis v. Whittemore, --- F.3d ---, 2011 WL 1053567, at *3 (1st Cir. March 24, 2011) (internal quotation marks omitted). To state a claim, the plaintiff must allege "a plausible

entitlement to relief" meaning "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007).  The Rule 12(b)(6) standard requires more that labels, conclusions, or a mere recitation of the elements of a cause action.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Plausibility does not require allegations amounting to a probability but needs more than a mere possibility.  Id.

## Background

Walter Gruda alleges that he worked as an electrician for Hamblet for more than four years.  As part of his job, he was required to report to Hamblet's main office each morning to load the Hamblet vehicle he would use that day with parts and equipment and fuel.  At the end of the day, he was required to return to the main office to unload the vehicle.  Gruda alleges that Hamblet did not pay him wages for the time he spent at the main office and traveling to and from the work site.  Gruda further alleges that including the time spent at the main office and traveling, he worked more than forty hours each week.

## Discussion

Hamblet moves to dismiss Count II, in which Gruda alleges a claim under RSA 275:43.  Hamblet contends that Count II is a

claim for overtime pay, making RSA 275:43 inapplicable; that a claim under state law for overtime pay is barred by RSA 279:21; and that the federal and state claims would provide a double recovery. Gruda objects to the motion, arguing that he is not seeking only overtime pay and that a potential for double recovery based on two theories alleged in the complaint does not require dismissing a claim.

A.  RSA 275:43

Under RSA 275:43,I, "[e]very employer shall pay all wages due to employees within 8 days including Sunday after expiration of the week in which the work is performed, except when permitted to pay wages less frequently as authorized by the commissioner in paragraph II, on regular paydays designated in advance by the employer and at no cost to the employee." The statute also specifies the means for payment. Although the statute refers to the timing and means of paying wages, it is used to claim unpaid wages from employers. See, e.g., Demers Agency v. Widney, 155 N.H. 658, 659-63 (2007); Fowler v. Town of Seabrook, 145 N.H. 536, 539 (2000) (RSA 275:43, I "grants employees the right to wages for worked performed.").

In support of his claim under RSA 275:43, Gruda states that "Hamblet failed to pay wages to [him] for time working at the

3

Hamblet main office and time traveling between the Hamblet main office and job sites." Compl. ¶ 21. Gruda seeks a remedy under RSA 275:53 and 275:44,IV. Because Gruda seeks wages that he contends are due him, Hamblet has not shown that Gruda failed to state a claim under RSA 275:43, based on a theory that RSA 275:43 pertains only to the timing and means of paying an employee.

B.   <u>Claim for Overtime Pay Precluded</u>

Hamblet interprets Gruda's claim under RSA 275:43 as seeking overtime pay and asserts that RSA 279:21 bars the claim. Gruda responds that in addition to overtime pay, he is seeking ordinary wages for the time spent at Hamblet's main office and the travel time. Based on Gruda's allegations in paragraph seventeen of his complaint, that he "would have been entitled to overtime pay because he worked more than forty hours in a workweek," Hamblet contends that Gruda is necessarily seeking overtime pay.[1]

RSA 279:21 requires employers to pay hourly employees a minimum wage, with certain exceptions. The statute also provides for wages "at the rate of time and one-half for all time worked in excess of 40 hours in any one week" except for "[a]ny employee

---

[1] Although paragraph seventeen is part of Count I, in Count II Gruda "repeats and realleges the allegations set forth" in Count I.

4

of employers covered under the provisions of the federal Fair Labor Standards Act of 1938, . . . ." RSA 279:21, VIII(b); see Trezvant v. Fidelity Employer Servs. Corp., 434 F. Supp. 2d 40, 54 (D. Mass. 2006) (construing RSA 279:21).

Gruda does not contest that RSA 279:21 bars him from making a state law claim under RSA 275:43 for overtime pay.  Instead, he contends that he is seeking ordinary wages, in part, which are recoverable under RSA 275:43.  Although Gruda alleges that he worked more than forty hours, the complaint is not clear as to whether all of the time spent at the main office and traveling was in excess of a forty-hour work week or whether some of the time was part of the forty hours.  To the extent Gruda seeks pay for time he worked in excess of forty hours, that part of the claim under RSA 275:43 is barred by RSA 279:21.

C.  Double Recovery

Hamblet contends that Gruda's claim under RSA 275:43 should be dismissed because he is seeking the same recovery as may be available under his federal claim.  As Gruda points out, the issue of a potential for a double recovery does not require dismissing the state law claim at this stage of the case.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (document no. 8) is granted to the extent the plaintiff is seeking overtime pay as part of his claim under RSA 275:43 and is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 11, 2011

cc: Gary M. Burt, Esquire
    Andrea K. Johnstone, Esquire
    Edward J. Sackman, Esquire