UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Walter Gruda

  v.            Civil No. 11-cv-053-JD
                Opinion No. 2011 DNH 096

Fred H. Hamblet, Inc.,

a/k/a F. H. Hamblet, Inc.


O R D E R

  Walter Gruda moves for reconsideration of the court's order that granted, in part, Fred H. Hamblet, Inc.'s motion to dismiss Gruda's claim under New Hampshire Revised Statutes Annotated ("RSA") § 275:43.  Gruda argues that the court erred in dismissing his claim, pursuant to RSA 279:21, because he is seeking only ordinary wages, not overtime pay.  Hamblet objects to Gruda's motion.


Discussion

  In general, "motions for reconsideration are appropriate only in a limited number of circumstances. . . ."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  "A motion to reconsider an interlocutory order of the court, meaning a motion other than one governed by Fed. R. Civ. P. 59 or 60, shall

demonstrate that the order was based on a manifest error of fact or law . . . ." LR 7.2(e).

In Count II, Gruda alleges that he is entitled to wages for time he spent working at Hamblet's main office and traveling between the office and job sites. He does not allege whether the time spent exceeded forty hours each week. In his objection to Hamblet's motion, Gruda argued that he was entitled to base compensation for the time he worked whether or not the work week exceeded forty hours. The court granted Hamblet's motion to the extent Gruda was seeking overtime pay, based on the exclusion provided by RSA 279:21, but allowed the claim to the extent Hamblet was seeking wages for time worked up to forty hours.

The error Gruda identifies is that he claims a right to ordinary wages under RSA 275:43 for time he worked in excess of forty hours each week and the court, erroneously he argues, construed his claim to seek overtime pay. In support, Gruda argues that an employee is entitled to be paid for work done. Hamblet argues that the statutory scheme does not provide for ordinary wages to be paid for time worked in excess of forty hours.

The parties do not cite a case that has considered the issue Gruda raises. When, as here, the New Hampshire Supreme Court "has not spoken directly on the question at issue, [this court

must] predict how that court likely would decide the issue, looking to the relevant statutory language, analogous decisions of the [New Hampshire Supreme Court], decisions of the lower state courts, and other reliable sources of authority." Barton v. Clancy, 632 F.3d 9, 17 (1st Cir. 2011).

The statutory scheme applicable to Gruda's claim is a combination of state and federal law. As explained in the previous order, RSA 275:43 requires wages to be paid within a certain time and by certain prescribed means and is interpreted to grant employees the right to wages for their work. See, e.g., Fowler v. Town of Seabrook, 145 N.H. 536, 539 (2000). RSA 279:21 requires employers to pay hourly employees at least a minimum wage, with some exceptions, and also requires employers to pay overtime for work in excess of forty hours in one week, also with some exceptions. Pertinent to this case, employees of employers covered by the Fair Labor Standards Act ("FLSA") are not subject to the overtime provision in RSA 279:21,VIII(b). Instead, those employees are covered by the FLSA, which also provides for overtime pay. See 29 U.S.C. §§ 206 & 207.

In addition, although not addressed by the parties, under New Hampshire law, the number of hours worked for purposes of applying the wage requirements of RSA 275:43 is determined by reference to 29 C.F.R. Part 785. N.H. Code Admin R. 803.05; see

also Noble v. Direct Capital Corp., 2010 WL 1224313, at *1 (D.N.H. March 23, 2010); Trezvant v. Fidelity Employer Servs. Corp., 434 F. Supp. 2d 40, 55-56 (D. Mass. 2006). 29 U.S.C. § 785.1 refers to § 206 and § 207 of the FLSA, which require a specified minimum wage and overtime for employees who work more than a specified number of hours in a week. Section 785.1 states: "The amount of money an employee should receive cannot be determined without knowing the number of hours worked. This part discusses the principles involved in determining what constitutes working time." Part 785 reiterates the distinction between the requirement for at least minimum wage and the prohibition against employment for more than a specified number of hours without overtime pay. § 785.5.

RSA 275:43 requires payment of wages, which are defined as compensation provided by agreement. RSA 275:42,III. Overtime pay is provided by statute. See Trezvant, 434 F. Supp. 2d at 56. The incorporation of 29 C.F.R. Part 785 into RSA 275:43 was for purposes of calculating wages based on time worked and did not import federal claims under the FLSA into RSA 275:43. Noble, 2010 WL 1224313 at*1; Trezvant, 434 F. Supp. 2d at 56. Taking the statutory scheme as a whole, wages required under RSA 275:43 are limited to compensation for time worked below the overtime threshold.

Gruda seeks ordinary pay for time he worked in excess of a forty-hour work week, meaning that he seeks ordinary pay for overtime work.  He does not allege or argue that his claim under RSA 275:43 is based on compensation provided in an agreement with Hamblet.  Because Gruda seeks payment for overtime work, his claim is not cognizable under RSA 275:43.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 15) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 14, 2011

cc: Gary M. Burt, Esquire
    Andrea K. Johnstone, Esquire
    Edward J. Sackman, Esquire